UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ATHAR ABBASI, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-05571-JSC<br><br>**ORDER TO SHOW CAUSE RE: SERVICE OF PROCESS**<br><br>Re: Dkt. No. 27 |

GS Holistic, LLC alleges trademark infringement and false designation of origin against Athar Abbasi and Athar Abbasi d.b.a. 420 Smoke Palace. (Dkt. No. 1.)[1] Defendants failed to appear, and the Clerk entered default against each of them. (Dkt. Nos. 21.) Plaintiff's motion for default judgment is now pending before the Court. (Dkt. No. 23.) After careful consideration of the briefing, the Court VACATES the June 20, 2024 hearing, and ORDERS Plaintiff TO SHOW CAUSE as to service of process.

**DISCUSSION**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Therefore, before granting default judgment, a district court should ensure the adequacy of the service of process on the party against whom default judgment is requested. *See Bee Creek Photography v. Office Yoga, LLC*, No. 23-CV-04375-JCS, 2024 WL 2875103, at *3 (N.D. Cal. May 8, 2024) (stating the court considers the adequacy of service of process when evaluating the merits of a motion for default judgment).

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Plaintiff bears the burden of proving service of process was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Specifically, Plaintiff must demonstrate it has met its burden of "demonstrating legally sufficient service of process in accordance with the requirements" of Rule 4. Fed. R. Civ. P. 4; *Downing v. Wanchek*, No. CIV S-07-1599 JAM EFB, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009), report and recommendation adopted, No. CIVS07-1599 JAM EFB, 2009 WL 1211658 (E.D. Cal. Apr. 29, 2009). Plaintiff has not met its burden as to either the individual defendant or the business defendant.

### A. Service on Mr. Abbasi

Federal Rule of Civil Procedure 4(e)(2)(B) allows for service on an individual by leaving the summons and complaint with a person of "suitable age and discretion who resides" at the defendant's "dwelling or usual place of abode." Federal Rule of Civil Procedure 4(e)(1) also authorizes service on an individual in accordance with state law.

Under California law, after attempting to personally serve a defendant, substituted service of process may be made on individuals as follows:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b). Further, "[t]he process server, or other persons with personal knowledge of the facts, must set forth in the proof of service facts showing that the various requirements were complied with [Sections 417.10(a), 417.20(a)]." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Superior*

2

1  *Court*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979).  Although there is no established formula
2  for reasonable diligence, "[t]wo or three attempts to personally serve defendant at a 'proper place'
3  ordinarily qualifies as 'reasonable diligence.'" *Weil and Brown, California Practice Guide*:
4  *California Civil Procedure Before Trial, ¶ 4:198* (The Rutter Group June 2019) (citing cases).

5        A review of the proof of service indicates the individual defendant was not adequately
6  served with the summons and complaint. (Dkt. No. 17.)  The proof of service indicates service
7  was made at 49006 Feather Grass Ter, Fremont, CA 94539 via substituted service. (*Id*.)  The
8  summons and complaint were left with "Rahida Abbasi—Occupant/Accepting Service" at
9  "home." (*Id.* at 1.)  The process server's declaration, attached to the proof of service, states he
10 attempted personal service two times before using substitute service. (*Id.* at 3.)

11       The proof of service is inadequate because it does not include any facts as to "Rahida
12 Abbasi," the person served.  (Dkt. No. 17 at 1.)  It does not indicate this individual was "a person
13 apparently in charge," that the individual was at least 18 years of age, or that the individual was
14 "informed of the contents," as section 415.20(b) requires.  *See* Judicial Council Comment to Cal.
15 Civ. Proc. Code § 415.20(b) ("The papers must be left in the presence of a competent member of
16 the household or a person apparently in charge of such business, as to case may be, who must be at
17 least 18 years of age and be informed of the general nature of the papers."); *see, e.g.*, *McComb v.*
18 *Vejar*, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at *3 (C.D. Cal. Oct. 28, 2014) (finding
19 the service of process on individual defendant was proper and complete when the proof of service
20 stated the person was "the store manager and apparently in charge of the office of place of
21 business, at least 18 years of age, ... [and] informed of the general nature of the papers").
22 Accordingly, the documents before the Court do not demonstrate Plaintiff's substitute service of
23 process upon Defendant was legally sufficient.

24     **B.  Service on 420 Smoke Palace**

25       Plaintiff also has not met its burden of demonstrating proper service on the business
26 defendant, 420 Smoke Palace.  Plaintiff alleges 420 Smoke Palace is a sole proprietorship. (Dkt.
27 No. 1 at 2.)  Plaintiff contends 420 Smoke Palace was properly served via substituted service
28 under Federal Rule of Civil Procedure 4(e)(2)(B). (Dkt. No. 23 at 13.)

1  Unlike other business entities, a sole proprietorship has no legal existence separate from its
2  owner. *Providence Wash. Ins. v. Valley Forge Ins.*, 42 Cal. App. 4th 1194, 1199 (1996) ("A sole
3  proprietorship is *not* a legal entity itself. Rather, the term refers to a natural person who *directly*
4  owns the business....") (quotation marks and citation omitted; emphasis in original). To be sure, a
5  sole proprietorship may operate under a fictitious business name. *See* Cal. Bus. & Prof. Code §
6  17900 et seq.  However, "[t]he business name is a fiction, and so too is any implication that the
7  business is a legal entity separate from its owner." *Providence Wash. Ins.*, 42 Cal. App. 4th at
8  1200.  Accordingly, service of process on a sole proprietorship "must accord with standards for
9  service of individuals." *Bd. of Trs. of Laborers Health & Welfare Tr. Fund for N. Cal. v. Perez*,
10 2011 WL 6151506, at *4 (N.D. Cal. Nov. 7, 2011), report and rec. adopted as modified, 2011 WL
11 6149518 (N.D. Cal. Dec. 12, 2011); *see also Walters v. Silveria*, 2007 WL 2751217, at *1 (N.D.
12 Cal. Sept. 4, 2007), report and rec. adopted, 2007 WL 2751216 (N.D. Cal. Sept. 19, 2007)
13 ("[B]ecause Silveria Construction appears to be a sole proprietorship only ... the basic question is
14 whether Mr. Silveria, doing business as Silveria Construction, was properly served.").

15  Here, the proof of service for 420 Smoke Palace is identical to that for Mr. Abbasi.
16 (*Compare* Dkt. No. 17 *with* Dkt. No. 18.)  420 Smoke Palace was served via substituted service at
17 the same 49006 Feather Grass Ter, Fremont, Ca 94539-8404 address by leaving a copy with
18 "Rahida Abbasi – Occupant/Accepting service." (*Id*. at 1.)  Because Plaintiff has not established
19 proper service on Mr. Abbasi, service likewise appears improper on 420 Smoke Palace.

20  \*\*\*

21  Accordingly, Plaintiff is ORDERED TO SHOW CAUSE regarding the adequacy of
22 service.  Plaintiff shall file a written response to this Order by June 27, 2024.  The June 20, 2024
23 hearing on Plaintiff's motion for default judgment is VACATED pending disposition of this Order
24 to Show Cause.  The Court will take the motion under submission upon receipt of Plaintiff's
25 response.
26 //
27 //
28 //

4

**IT IS SO ORDERED.**

Dated: June 18, 2024

JACQUELINE SCOTT CORLEY
United States District Judge