UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ATHAR ABBASI, et al.,<br><br>    Defendants. | Case No. 23-cv-05571-JSC<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 29 |

GS Holistic, LLC alleges trademark infringement and false designation of origin against Athar Abbasi individually and Athar Abbasi d.b.a. 420 Smoke Palace. (Dkt. No. 1.[1]) Defendants failed to appear, and the Clerk entered default against each of them. (Dkt. No. 21.) Plaintiff's motion for default judgment is now pending before the Court. (Dkt. No. 23.) After considering the motion and response to the Court's subsequent Order to Show Cause, the Court DENIES the motion for default judgment without prejudice based on failure properly serve the summons and complaint.

**PROCEDURAL BACKGROUND**

Plaintiff filed its complaint on October 27, 2023 alleging trademark infringment claims. (Dkt. No. 1.) After Defendants failed to appear, GS moved for entry of default which was granted. (Dkt. Nos. 20, 21.) Plaintiff then filed the now pending motion for entry of default judgment. (Dkt. No. 23.) Because the Court had concerns regarding service, it ordered Plaintiff to show cause as to how service was proper. (Dkt. No. 27.) Plaintiff's response contends service was proper under Federal Rule of Civil Procedrue 4(e)(2)(B), but requests "leave to reserve the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Defendants to avoid dismissal" if the Court finds service improper. (Dkt. No. 27.)

**DISCUSSION**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Therefore, before granting default judgment, a district court should ensure the adequacy of the service of process on the party against whom default judgment is requested. *See Bee Creek Photography v. Office Yoga, LLC*, No. 23-CV-04375-JCS, 2024 WL 2875103, at *3 (N.D. Cal. May 8, 2024) (stating the court considers the adequacy of service of process when evaluating the merits of a motion for default judgment).

A default entered in the absence of proper service of process may be set aside as void. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (reversing district court's grant of summary judgment on grounds the default judgment entered against the plaintiff in a previous action involving the same parties was void and had no res judicata effect because the complaint in the previous action was not properly served). When the party seeking a default judgment has not shown that the defendant was provided with adequate notice of an action, "it is inappropriate to conclude the defendant has failed to plead or otherwise defend" under Federal Rules of Civil Procedure Rule 55(a). *McFadden v. Deutsche Bank Nat. Tr. Co.*, No. 2:10-CV-03004 JAM, 2012 WL 2839810, at *2 (E.D. Cal. July 10, 2012) (internal citations and quotation marks omitted), report and recommendation adopted, No. CIV-S-10-3004-JAM, 2012 WL 3756579 (E.D. Cal. Aug. 28, 2012). The service of process must be "in substantial compliance with Rule 4." *Jes Solar Co. Ltd. v. Tong Soo Chung*, 725 F. App'x 467, 470 (9th Cir.), amended on denial of reh'g, 716 F. App'x 635 (9th Cir. 2018) (internal citations and quotation marks omitted).

Plaintiff bears the burden of proving service of process was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Specifically, Plaintiff must demonstrate it has met its burden of "demonstrating legally sufficient service of process in accordance with the requirements" of Rule 4. Fed. R. Civ. P. 4; *Downing v. Wanchek*, No. CIV S-07-1599 JAM EFB, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009), report and recommendation adopted, No. CIVS07-1599 JAM EFB, 2009 WL 1211658 (E.D. Cal. Apr. 29, 2009). Here, for the reasons explained below,

Plaintiff has not met its burden as to either the individual defendant or the business defendant.

**A. The Substitute Service Requirements are Not Met**

### 1. Service on Mr. Abbasi

Federal Rule of Civil Procedure 4(e)(2)(B) allows for service on an individual by leaving the summons and complaint with a person of "suitable age and discretion who resides" at the defendant's "dwelling or usual place of abode." Federal Rule of Civil Procedure 4(e)(1) also authorizes service on an individual in accordance with state law. Under California law, after attempting to personally serve a defendant, substituted service of process may be made on individuals as follows:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b).

"The process server, or other persons with personal knowledge of the facts, must set forth in the proof of service facts showing that the various requirements were complied with [Sections 417.10(a), 417.20(a)]." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979). Although there is no established formula for reasonable diligence, "[t]wo or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" *Weil and Brown, California Practice Guide*: *California Civil Procedure Before Trial, ¶ 4:198* (The Rutter Group June 2019) (citing cases).

The proof of service here indicates service on individual defendant Athar Abbasi was made at 49006 Feather Grass Ter, Fremont, CA 94539 via substituted service. (Dkt. No. 17.) The summons and complaint were left with "Rahida Abbasi—Occupant/Accepting Service" at "home." (*Id*. at 1.) The process server's declaration, attached to the proof of service, states he attempted personal service two times before using substitute service. (*Id*. at 3.) After reviewing the proof of service, the Court ordered Plaintiff show cause because the proof of service does not include any facts as to "Rahida Abbasi," the person served. (Dkt. No. 17 at 1.) In particular, it does not indicate this individual was "a person apparently in charge," that the individual was at least 18 years of age, or that the individual was "informed of the contents," as section 415.20(b) requires.

In response to the the Order to Show Cause, Plaintiff contends service was proper because:

> 11. On November 19, 2023, on its third attempt, the Plaintiff served Defendant Athar Abbasi via substituted service by leaving the documents to "Rahida Abbasi" who was an occupant at the Defendants' home address [DE 17 at 1]. The Affidavit of Service includes enough detail and meets the requirements of § 415.20. The process server's affidavit indicates that the person served was at least 18 years of age, was a competent member of the household at the dwelling house or at the place of abode. It further states that the process server informed the person served of the "general nature of the papers", which complies with section 415.20(b) that requires the induvial served was "informed of the contents."

(Dkt. No. 28 at ¶ 11.) Plaintiff appears to be referring to the fact the process server checked box 5(b)(2) on the proof of service:

> 5. I served the party *(check proper box)*
> a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*
> b. ☑ **by substituted service.** On *(date):* **11/19/2023** at *(time):* **11:07 AM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
> **Rahida Abbasi - Occupant/Accepting service**
> (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
> (2) ☑ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

(Dkt. No. 17 at 1.) This is inadequate to demonstrate service because it does not include any facts as to "Rahida Abbasi," the person served. Specifically, Plaintiff failed to explain why the process server believed Rahida Abbasi was a competent member of the household, at least 18 years of age,

4

at the dwelling house or place of abode of the Defendants.[2] *See* Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b) ("The papers must be left in the presence of a competent member of the household or a person apparently in charge of such business, as to case may be, who must be at least 18 years of age and be informed of the general nature of the papers."); *see, e.g., McComb v. Vejar*, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at *3 (C.D. Cal. Oct. 28, 2014) (finding the service of process on individual defendant was proper and complete when the proof of service stated the person was "the store manager and apparently in charge of the office of place of business, at least 18 years of age, ... [and] informed of the general nature of the papers"). Furthermore, Defendant cites no authority which suggests the proof of service would be deemed sufficient without the physical description of the person served. Accordingly, the documents before the Court do not demonstrate Plaintiff's substitute service of process upon Mr. Abbasi was legally sufficient.

### 2. Service on 420 Smoke Palace

Plaintiff also has not met its burden of demonstrating proper service on the business defendant, 420 Smoke Palace. Plaintiff alleges 420 Smoke Palace is a sole proprietorship. (Dkt. No. 1 at 2.) Plaintiff contends 420 Smoke Palace was properly served via substituted service under Federal Rule of Civil Procedure 4(e)(2)(B). (Dkt. No. 23 at 13.)

Unlike other business entities, a sole proprietorship has no legal existence separate from its owner. *Providence Wash. Ins. v. Valley Forge Ins.*, 42 Cal. App. 4th 1194, 1199 (1996) ("A sole proprietorship is not a legal entity itself. Rather, the term refers to a *natural person* who directly owns the business....") (quotation marks and citation omitted; emphasis in original). To be sure, a sole proprietorship may operate under a fictitious business name. *See* Cal. Bus. & Prof. Code §

---

[2] Plaintiff is aware of these requirements as the proof of service for Mr. Abbasi in the related case includes this additional information:

> I delivered the documents to ATHAR ABBASI with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired Asian male contact 35-45 years of age, 5'6"-5'8" tall and weighing 140-160 lbs with a beard, a mustache and an accent.

(Case No. 22-7638, Dkt. No. 10 at 1.)

17900 et seq. However, "[t]he business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." *Providence Wash. Ins.*, 42 Cal. App. 4th at 1200. Accordingly, service of process on a sole proprietorship "must accord with standards for service of individuals." *Bd. of Trs. of Laborers Health & Welfare Tr. Fund for N. Cal. v. Perez*, 2011 WL 6151506, at *4 (N.D. Cal. Nov. 7, 2011), report and rec. adopted as modified, 2011 WL 6149518 (N.D. Cal. Dec. 12, 2011); *see also Walters v. Silveria*, 2007 WL 2751217, at *1 (N.D. Cal. Sept. 4, 2007), report and rec. adopted, 2007 WL 2751216 (N.D. Cal. Sept. 19, 2007) ("[B]ecause Silveria Construction appears to be a sole proprietorship only ... the basic question is whether Mr. Silveria, doing business as Silveria Construction, was properly served."). The proof of service for 420 Smoke Palace is identical to that for Mr. Abbasi. (*Compare* Dkt. No. 17 *with* Dkt. No. 18.) 420 Smoke Palace was served via substituted service at the same 49006 Feather Grass Ter, Fremont, Ca 94539-8404 address by leaving a copy with "Rahida Abbasi – Occupant/Accepting service." (Dkt. No. 18 at 1.) Plaintiff's response to the Order Show Cause is identical for 420 Smoke Palace. (Dkt. No. 28 at ¶ 14.) Thus, for the same reasons Plaintiff has not met its burden to demonstrate proper service on Mr. Abbasi, it has not met its burden of demonstrating proper service on the business defendant, 420 Smoke Palace.

## CONCLUSION

Because Plaintiff's motion does not establish Defendants were properly served with the summons and complaint, the Court DENIES Plaintiff's Motion for Default Judgment without prejudice. Plaintiff's deadline to serve Defendants is continued for 30 days; so, Plaintiff must file a proof of service by August 22, 2024. The case management conference scheduled for August 29, 2024 is continued to October 17, 2024 at 1:30 p.m. via Zoom video. A joint case management conference statement is due one week in advance.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: July 18, 2024

JACQUELINE SCOTT CORLEY
United States District Judge