UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>ATHAR ABBASI, et al.,<br><br>   Defendants. | Case No. 3:23-cv-05571-JSC<br><br>**DISMISSAL ORDER**<br><br>Re: Dkt. No. 32 |

 GS Holistic, LLC alleges trademark infringement and false designation of origin against Athar Abbasi individually and Athar Abbasi d.b.a. 420 Smoke Palace. After Defendants failed to appear, Plaintiff moved for default, which was granted, and then moved for default judgment. (Dkt. Nos. 21, 23.) On July 18, 2024, the Court denied the motion for default judgment because Plaintiff had not established Defendants were properly served. (Dkt. No. 29.) Plaintiff was granted until August 22, 2024 to serve Defendants. Plaintiff then sought an extension of time, through October 4, 2024, to serve Defendants, which the Court granted. (Dkt. Nos. 30, 31.) Plaintiff did not file proof of service and on October 9, 2024, the Court issued an Order to Show Cause (OSC) as to why this action should not be dismissed for failure to prosecute. (Dkt. No. 32.) Plaintiff was ordered to file a written response to the OSC by October 22, 2024 accompanied by proof of service of the summons and complaint. But the day after the Court issued the OSC, Plaintiff filed a "Case Management Statement." (Dkt. No. 33.) There is, however, no case management conference set in this action, and the statement makes no reference to either the Court's OSC or service on Defendants. Plaintiff, which is a prolific filer in this District, apparently did not read the OSC and instead assumed a case management statement was missing.

 Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for

failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted) overruled on other grounds by *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980).  By failing to comply with the Court's Orders Plaintiff has delayed adjudication of this action. Non-compliance with the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff failure to respond would result in dismissal of this action. (Dkt. No. 32.)  Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v.*

2

*Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.'"). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action without prejudice.

The Clerk is directed to close the action.

**IT IS SO ORDERED.**

Dated: October 23, 2024

JACQUELINE SCOTT CORLEY
United States District Judge